NUMBER 13-07-00705-CR


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

MICHAEL MOLINA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza
 

 Appellant, Michael Molina, was charged by indictment with burglary of a habitation,
a second degree felony. See Tex. Penal Code Ann. § 30.02(a), (c)(2) (Vernon 2003). A
jury found Molina guilty. On September 13, 2007, the jury sentenced Molina, a habitual
felony offender, to seventy-five years' imprisonment in the Institutional Division of the
Texas Department of Criminal Justice. (1) See id. § 12.42(d) (Vernon Supp. 2007) ("[I]f it is
shown on the trial of a felony offense . . . that the defendant has previously been finally
convicted of two felony offenses, and the second previous felony conviction is for an
offense that occurred subsequent to the first previous conviction having become final, on
conviction he shall be punished by imprisonment . . . for any term of not more than 99
years or less than 25 years."). The trial court certified Molina's right to appeal on the same
day. 

 On October 10, 2007, Molina filed a motion for new trial, alleging that newly
discovered evidence--specifically, an admission by his fourteen-year-old niece, C.P., that
she committed the offense--proved that he was not the one who burglarized the
habitation. On November 20, 2007, after a hearing in which C.P. testified, the trial court
denied Molina's motion for new trial, noting that C.P. was not a credible witness. Molina
now appeals the judgment of the trial court.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Molina's court-appointed
appellate counsel has filed a brief with this Court, stating that her review of the record
yielded "no error" and "that the instant appeal is without merit." Although counsel's brief
does not advance any arguable grounds of error, it does present a professional evaluation
of the record demonstrating why there are no arguable grounds to be advanced on appeal. 
See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
appellant's counsel has carefully discussed why, under controlling authority, there are no
errors in the trial court's judgment. Counsel has informed this Court that she has: (1)
examined the record and found no arguable grounds to advance on appeal, (2) served a
copy of the brief on appellant, and (3) informed appellant of his right to review the record
and to file a pro se brief. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. 
This Court set a June 30, 2008 deadline for Molina to file his pro se brief. No pro se brief
was filed.II. Independent Review


 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744. We grant her motion
to withdraw. We further order counsel to notify appellant of the disposition of this appeal
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam).


 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 26th day of August, 2008. 


1. At the punishment phase of the trial, Molina pleaded "true" to being a habitual felony offender and
to six prior convictions.